NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-606

COMMONWEALTH

vs.

ALEX LABADIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial, a Boston Municipal Court judge convicted the defendant of operating a motor vehicle while under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant contends that the Commonwealth failed to meet its burden of proof because it was equally likely that he was under the influence of Rohypnol rather than alcohol.  We affirm.

Background.  We summarize the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On March 22, 2021, the defendant drove his car into a parked car.  After the initial crash, the defendant continued to press the gasoline pedal as if he were

"trying to drive [his car] through" the parked car. The owner of car attempted to speak with the defendant, but the defendant was unresponsive. A police officer arrived at the scene and saw the defendant sitting in the driver's seat of the car with a flask on his lap. A cupholder in the car contained a plastic water bottle partially filled with a brown liquid that smelled of alcohol. The defendant's eyes were bloodshot and glassy, his speech was slurred, he struggled to stand without support, and an odor of alcohol emanated from his car. The officer administered three field sobriety tests, all of which the defendant failed. At that point, the officer formed the opinion that the defendant was under the influence of alcohol.

At trial, the defendant did not deny that he drove while impaired on a public way. He claimed, however, that he was not under the influence of alcohol. The theory of the defense was that the defendant had involuntarily ingested Rohypnol, a drug which has similar effects to alcohol. To this end the defendant presented expert testimony from a physician who testified about the effects of Rohypnol. The defendant also testified on his own behalf and suggested that he had been given Rohypnol by a friend of the woman with whom he was socializing before the accident and who was a passenger in the car at the time of the crash.

Discussion.  We review the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted).  Latimore, 378 Mass. at 677.  Where, as here, the defendant has moved for required findings at the close of the Commonwealth's case and again at the close of all the evidence, we review the evidence to determine whether the Commonwealth's case has deteriorated.  In doing so, we "must disregard contrary evidence presented by the defendant, including the testimony of a defense expert, unless the contrary evidence demonstrates that the Commonwealth's evidence, or any inference drawn from such evidence is conclusively incorrect" (quotation and citation omitted).  Commonwealth v. Lawson, 475 Mass. 806, 817 (2016).  The elements of operating under the influence are (1) operation of a vehicle, (2) on a public way, (3) while under the influence of intoxicating liquor.  See G. L. c. 90, § 24 (1) (a) (1).

The defendant challenges only the sufficiency of the evidence that he was under the influence of alcohol, contending that "[t]he evidence was equally consistent" with Rohypnol intoxication.  To the contrary, the defendant's testimony that he might have ingested Rohypnol was based on speculation.  He never saw anyone tamper with his drinks, never sought bloodwork,

3

never saw a physician, and agreed that he was "kind of guessing" that he might have been drugged. In contrast, the defendant exhibited classic indicia of alcohol impairment, including slurred speech and bloodshot and glassy eyes. See Commonwealth v. Jewett, 471 Mass. 624, 636 (2015), abrogated on other grounds by Lange v. California, 594 U.S. 295 (2021). Additionally, the defendant had a flask in his lap, alcohol in his car's cupholder, and admitted to having ingested two alcoholic drinks. The arresting officer testified that the defendant appeared to be under the influence of alcohol. Moreover, according to his own expert's testimony, the defendant's intoxication was more similar to alcohol intoxication than Rohypnol intoxication because he slurred his speech, struggled to walk, and did not have a memory of that night. In sum, the Commonwealth's evidence did not deteriorate. See Lawson, 475 Mass. at 817. Thus, the evidence was sufficient to permit the judge to find that the defendant's consumption of alcohol resulted in his

diminished capacity to operate his motor vehicle safely.  See

Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).

Judgment affirmed.

By the Court (Vuono,
  Brennan & D'Angelo, JJ.[1]),

Clerk


Entered:  March 12, 2025.

---

[1] The panelists are listed in order of seniority.